IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHERYL DENISE WELCH
BROWN                                                                                           PLAINTIFF

VS.                                                         CIVIL ACTION NO. 3:20-cv-425-KHJ-FKB

RON KING and SHEILA
PARKS                                                                                          DEFENDANTS

## REPORT AND RECOMMENDATION

Cheryl Denise Welch Brown is an inmate serving a life sentence in the custody of the Mississippi Department of Corrections (MDOC). In this action, brought pursuant to 42 U.S.C. § 1983, Plaintiff alleges that Defendants have violated her constitutional rights by failing to set a parole eligibility date for her. Presently before the Court is Defendants' motion for summary judgment [27]. Plaintiff has filed no response to the motion. The undersigned recommends that the motion be granted.

Defendants argue that Plaintiff has failed to exhaust her administrative remedies as to her claim. In support of their motion, Defendants have submitted the affidavit of Le Tresia Stewart, an investigator for MDOC's administrative remedy program (ARP) and custodian of ARP records at CMCF. [27-2]. In her affidavit, Ms. Stewart states that the administrative remedy program has no record of Plaintiff's having submitted any request for an administrative remedy concerning her parole eligibility.

The applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e), requires that an inmate bringing a civil rights action in federal court first exhaust available administrative remedies. *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998). This exhaustion requirement "applies to all inmate suits about prison life."

*Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 992 (2002). The requirement that claims be exhausted prior to the filing of a lawsuit is mandatory and non-discretionary. *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012). Because Plaintiff failed to exhaust her claim prior to filing her complaint, this action is subject to dismissal. Accordingly, the undersigned recommends that Defendants' motion be granted and that this action be dismissed.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[1] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 9th day of September, 2022.

s/ F. Keith Ball  
United States Magistrate Judge

---

[1] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).