UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHERYL DENISE WELCH BROWN, #R7275     PLAINTIFF

V.     CIVIL ACTION NO. 3:20-CV-425-KHJ-FKB

RON KING and SHEILA PARKS     DEFENDANTS

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of United States Magistrate Judge F. Keith Ball. [29]. The Report recommends the Court grant Defendants Ron King's and Sheila Parks's Motion for Summary Judgment [27] and dismiss Plaintiff Cheryl Denise Welch Brown's action. Written objections to the Report were due by September 23, 2022. The Report notified the parties that failure to file written objections by that date would bar further appeal in accordance with 28 U.S.C. § 636.

When no party objects to a magistrate judge's report and recommendation, the Court need not review it de novo. 28 U.S.C. § 636(b)(1). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Brown sued under 28 U.S.C. § 1983, alleging Defendants violated her constitutional rights by failing to set a parole eligibility date for her. Defendants moved for summary judgment on several grounds. [27]. Brown did not respond to

the Motion. The Magistrate Judge recommended the Court grant the Motion based on Brown's failure to exhaust her administrative remedies and dismiss the case but did not recommend whether to dismiss the case with or without prejudice.

Defendants moved for summary judgment based on failure to exhaust administrative remedies, qualified immunity, and sovereign immunity. The Magistrate's Report only addresses failure to exhaust, which sufficiently warrants dismissal of the action. *Phillips v. Green*, 814 F. App'x 852, 853 (5th Cir. 2020) (per curiam) (affirming summary judgment for failure to exhaust administrative remedies). But granting summary judgment on the immunity claims would bar Brown from litigating those defenses if she were to properly refile after exhausting her administrative remedies. *See Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 194 (5th Cir. 2011) (noting summary judgment is "the procedural equivalent of a trial and [] an adjudication of the claim on the merits").

The Court declines to address sovereign immunity and qualified immunity. The Report's conclusion as to the failure to exhaust claim is neither clearly erroneous nor contrary to law. The Court adopts it as its opinion and grants Defendants' Motion on that defense. Based on that conclusion, the Court dismisses the case without prejudice. *Bargher v. White*, 928 F.3d 439, 447 (5th Cir. 2019) (stating "failure to exhaust . . . warrants dismissal without prejudice, which permits the litigant to refile if he exhausts").

For the reasons stated, the Court GRANTS Defendants' Motion for Summary Judgment [27] for Brown's failure to exhaust her administrative remedies and DISMISSES the Complaint [2] without prejudice.

The Court will issue a separate Final Judgment consistent with this Order.

SO ORDERED AND ADJUDGED, this the 4th day of October, 2022.

s/ <i>Kristi H. Johnson</i><br>UNITED STATES DISTRICT JUDGE